IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 13-01036 (01) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT MALIA |
| | ) | ARCIERO'S MOTION SEEKING TO |
| vs. | ) | ORDER THE GOVERNMENT TO |
| | ) | PRODUCE *BRADY* MATERIAL |
| MALIA ARCIERO (01), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT MALIA ARCIERO'S MOTION SEEKING
TO ORDER THE GOVERNMENT TO PRODUCE *BRADY* MATERIAL**

**I.    INTRODUCTION.**

Before trial, Defendant Malia Arciero manufactured allegations that the federal agent responsible for investigating her drug crimes had sexually assaulted her.  After being convicted by a jury of four drug crimes, but before her sentencing, she recanted the sexual assault claims.  Her conviction and sentence were affirmed on appeal.  Arciero then sought relief under 28 U.S.C. § 2555.  The court held an evidentiary hearing and denied that motion.  That denial was also affirmed on appeal.  Now that her criminal proceedings have concluded, Arciero says she believes that the Government may have failed to turn over all *Brady* material.  Arciero therefore seeks an order compelling the Government to turn over that material.  That request is denied.

**II.     BACKGROUND.**

Arciero was arrested for methamphetamine-related crimes and initially cooperated with law enforcement.

On March 31, 2014, in a pretrial release revocation hearing based on a urine specimen that had tested positive for methamphetamine, *see* ECF No. 49, Arciero testified that she had drugs in her system only because, in cleaning a house, she must have come into contact with drugs.  *See* Partial Transcript of Further Order to Show Cause Why Pretrial Release Should Not Be Revoked - Testimony of Malia Arciero, ECF No. 83, PageID # 151-52.  She denied having used methamphetamine in connection with the positive drug test.  *See* id., PageID # 132.  During the course of her testimony, Arciero also said that a Government agent had forced her to perform oral sex on him.  *See id.*, PageID # 141.  The Magistrate Judge did not find Arciero's explanation as to why she had tested positive for methamphetamine to be credible and revoked her pretrial release.  *See* ECF No. 87.

On August 18, 2014, in connection with three motions she had filed, Arciero submitted a declaration repeating the allegations of sexual misconduct in vivid detail.  Arciero said that, as soon as she became the agent's informant, he began sexual advances towards her.  *See* ECF No. 105-1, PageID # 282. He allegedly began "petting" her while she was a passenger in his

car.  *Id.*  She also reiterated that, in late August 2013, she met the agent at ICE headquarters, where the agent forced her to perform oral sex.  *Id.*, PageID #s 286-87.  She said that the agent told her that he would kill her if she told anyone about what had happened and that he would rape her in the future.  *Id.*

On November 24, 2014, the Government offered Arciero a plea deal if she entered a guilty plea to Count 1, which alleged that she had conspired to distribute and to possess with intent to distribute fifty grams or more of methamphetamine, its salts, isomers, and salts of its isomers.  The Government offered to move to dismiss the remaining counts.  As part of the deal, Arciero would be required to sign a declaration recanting all her allegations of misconduct by the case agent.  *See* ECF No. 319-4, PageID #s 4136-59.  Arciero rejected the plea deal several days later.  *See* ECF No. 319-4, PageID # 4161; *see also* Testimony of Gary V. Dubin-Day 1, ECF No. 338, PageID #s 4426-27, 4430.

The matter proceeded to trial and, on January 8, 2015, after a six-day jury trial and two days of deliberations, Arciero was convicted of four drug-related crimes.  *See* ECF Nos. 219, 220, 226, 227, 243, 245, 249.

On September 18, 2015, before she was sentenced, Arciero retracted her accusations against the case agent under oath, stating that her accusations against him were false.  *See*

Declaration of Malia Arciero, ECF No. 279-2, PageID # 1865.  She explained that her previous accusations that the case agent "raped [her] and forced [her] to give him oral sex" were "not correct and I therefore withdraw them."  *Id.*, PageID # 1868.

At Arciero's sentencing hearing on September 21, 2015, this judge imposed a two-level obstruction of justice enhancement based on (1) the Magistrate Judge's determination that Arciero was not credible in her explanation with respect to the 2014 drug test; (2) this judge's own finding that Arciero had lied to the court in saying she had had no involvement with drug dealing; and (3) Arciero's false accusations concerning the case agent's conduct.  *See* ECF No. 289, PageID #s 2073, 2075.  The court sentenced Arciero to 172 months of imprisonment and 5 years of supervised release for each crime, with the terms running concurrently, and a $400 special assessment.  *See* Judgment, ECF No. 281.

Arciero appealed.  *See* Notice of Appeal, ECF No. 284.  On March 3, 2017, the Ninth Circuit affirmed in a memorandum decision.  *See* ECF No. 307.

On March 12, 2018, Arciero filed a motion under 28 U.S.C. § 2255.  *See* ECF No. 309.  In a hearing on that motion, Arciero reaffirmed her recantation of the sexual assault allegations.  *See* ECF No. 355, PageID #s 4550-51.  On January 28,

2019, after an evidentiary hearing, this court denied Arciero's § 2255 motion. Arciero appealed, and the Ninth Circuit affirmed. *See* ECF Nos. 352, 380, 382.

On March 12, 2021, Arciero filed the present request to order the Government to produce *Brady* material. *See* ECF No. 397.

**III.     ANALYSIS.**

"The government has an obligation under *Brady v. Maryland* to provide exculpatory evidence to a criminal defendant." *United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004). The Government must disclose such *Brady* material even without a request by the defendant. *See Strickler v. Greene*, 527 U.S. 263, 280. When a defendant seeks to demonstrate that the Government violated its *Brady* obligations, the defendant must show that "[t]he evidence at issue must be favorable to the [defendant], either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the [Government], either willfully or inadvertently; and prejudice must have ensued." *Id.* at 281-82. In the post-trial context, the Ninth Circuit has adjusted this standard, stating that "a *Brady* violation has three components: (1) the information must be favorable to the defense; (2) it must not have been disclosed by the government before or at trial; and (3) there must have been

resulting prejudice." *United States v. Mazzarella*, 784 F.3d 532, 538 (9th Cir. 2015).

Arciero asks this court to order the Government to turn over *Brady* material even though her criminal proceedings have concluded. Arciero is not making the request in connection with any pending motion. Instead, she argues:

> Upon information and belief, Arciero believes there are documents reflecting exculpatory statements and evidence made by Department of Homeland security, U.S. Department of Justice and the US Attorney's Office in Hawaii concerning her case and Arciero's 2014 allegations of misconduct by [the case agent] and other agents working with him. Arciero also believes that there are other victim[s] of [the case agent] and other agents of that task force being suppress[ed] by the Hawaii U.S. Attorney's office.

ECF No. 397, PageID # 4943. Arciero does not explain the basis for her belief that the Government has *Brady* material that it failed to produce. Nor does she explain why she failed to make this argument before her conviction, sentence, or § 2255 motion, or on any appeal. Her request therefore appears to be nothing more than a belated fishing expedition. She seeks more than is allowed in the form of discovery in criminal cases under Rule 16 of the Federal Rules of Criminal Procedure. *See, e.g., Monserrate v. United States*, 2014 WL 7179628, at *7 (S.D.N.Y. Dec. 10, 2014) ("Since there is absolutely no evidence to support

6

petitioner's *Brady* claim, discovery would be nothing more than a fishing expedition.").

Arciero fails to cite any authority supporting the proposition that the Government has a continuing duty to provide *Brady* material after her criminal proceedings have concluded. At least one circuit has ruled otherwise. *See Gibson v. Superintendent of NJ Dep't of L. & Pub. Safety-Div. of State Police*, 411 F.3d 427, 444 (3d Cir. 2005) ("Gibson has pointed to no constitutional duty to disclose potentially exculpatory evidence to a convicted criminal after the criminal proceedings have concluded and we decline to conclude that such a duty exists."); *cf. Cruz v. Cty. of Santa Barbara*, 228 F. App'x 750, 751 (9th Cir. 2007) ("Because Cruz has not established prejudice, we need not determine whether the prosecution has a continuing duty to disclose exculpatory evidence after criminal proceedings have concluded.") (unpublished disposition). Even if this court were to assume that such a continuing duty exists, Arciero fails to explain why the Government should be ordered to comb its records looking for exculpatory evidence that was not previously turned over.

In the first place, Arciero provides no reason at all to think that undisclosed Brady material exists. In the second place, to the extent Arciero seeks *Brady* material arising out of

7

the sexual assault that she recanted under oath, any argument that exculpatory evidence exists makes little sense. Arciero has admitted that she made up the sexual assault. It cannot be that any investigation into that fictitious sexual assault could yield evidence that would exculpate Arciero.

To the extent Arciero seeks *Brady* material based on what she calls the "bizarre plea offer" discussed at oral argument on appeal, she again fails to establish the possible existence of any *Brady* material. During the Ninth Circuit's hearing on Arciero's § 2255 appeal, one of the judges remarked on how unusual it was to condition a plea agreement on the defendant's withdrawal of an allegation such as Arciero's allegation that a federal agent had sexually assaulted her. Arciero appears to think that the unusualness of the condition gives rise to a right to demand *Brady* material. But the *Brady* material Arciero now says she believes exists concerns a matter that Arciero invented, not something that actually happened! How Arciero can claim that *Brady* material even exists in this regard is unclear. Moreover, in conditioning the plea deal on a recantation by Arciero, the Government was understandably trying to clear the name of an agent who had been falsely accused and had few avenues available to it.

Finally, to the extent Arciero seeks *Brady* material concerning the Government's use of informants, Arciero fails to identify why she believes such material exists, or to what she thinks that material might be relevant.

**IV.     CONCLUSION.**

For the foregoing reasons, the court denies Arciero's motion to order the Government to disclose *Brady* material.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 17, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Arciero, Crim. No. 13-01036 SOM (01); Civ. No. 18-00090 SOM; ORDER DENYING DEFENDANT MALIA ARCIERO'S MOTION SEEKING TO ORDER THE GOVERNMENT TO PRODUCE *BRADY* MATERIAL