IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MALIA ARCIERO,<br><br>Defendant. | Case No. 13-cr-01036-1-SOM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL** |

On March 30, 2021, Defendant Malia Arciero moved to recuse Judge Susan Oki Mollway from this case, pursuant to 28 U.S.C. §§ 144 and 455.  Dkt. No. 399.[1]  As evidence of Judge Mollway's alleged bias, Arciero points to adverse rulings on issues that may again come before Judge Mollway, Judge Mollway acknowledging the fact that Arciero knowingly presented false allegations to the court, and Judge Mollway's failure to assist Arciero in obtaining her Bureau of Prisons medical records that Arciero apparently wishes to use in support of another 18 U.S.C. § 3582 compassionate release motion.  *Id.*  Because none of these assertions warrants recusal, the motion is DENIED.

---

[1]Arciero's reliance on Section 144 caused her recusal motion to be transferred to the undersigned for decision.  Dkt. No. 400.  The balance of this case remains with Judge Mollway.

## **LEGAL STANDARD**

28 U.S.C. § 144 provides, in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In turn, Section 455 provides, in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455(a), (b)(1). In determining whether a judge should be recused due to bias or prejudice or where his or her impartiality may be reasonably questioned, Sections 144 and 455 "must be construed *in pari materia*" with "the test for disqualification [being] the same under both statutes." *United States v. Carignan*, 600 F.2d 762, 764 (9th Cir. 1979) (adopting the reasoning in *Davis v. Bd. Of Sch. Comm'rs of Mobile Cty.*, 517 F.2d 1044, 1052 (5th Cir. 1975)); *see also United States v. Conforte*, 624 F.2d 869, 880 (9th Cir. 1980).

## DISCUSSION

Arciero provides several reasons why Judge Mollway should be recused. First, Judge Mollway has issued adverse rulings and, if those rulings are overturned on appeal, she would be biased if she had to decide them again. Dkt. No. 399 at 3–5. Second, Judge Mollway has acknowledged a fact Arciero herself admits: that Arciero provided declarations to the court that contained allegations she knew to be false. *Id.* at 3–4. Third, Judge Mollway refused to assist Arciero in obtaining her medical records for use in support of a motion for compassionate release. Dkt. No. 399-1 at 3. Fourth, Judge Mollway has discussed Arciero's case with unidentified third parties. Dkt. No. 399 at 3; Dkt. No. 399-1 at 2. Because, as discussed below, these reasons do not justify recusal, Arciero's motion is DENIED.

## I.     Adverse Rulings

Arciero anticipates at least three rulings adverse to her will be back before Judge Mollway: (1) denial of Arciero's Section 2255 habeas corpus petition; (2) denial of Arciero's request for post-conviction *Brady* material; and (3) denial of compassionate release under Section 3582. *Id.* at 4–5; *see also* Dkt. No. 350 (order denying habeas petition); Dkt. Nos. 364, 374, 376, 394, 396 (orders denying compassionate release); Dkt. No. 398 (order

3

denying request for *Brady* material).   But an unfavorable judicial decision (or several) is not by itself grounds for recusal.² *See United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017) ("[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" (citing *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)) (internal quotation marks omitted)).

    Likewise, that issues decided adversely to a party may come before the same judge is not grounds for recusal.  *See Murray v. Schriro*, 882 F.3d 778, 820 (9th Cir. 2018); *see also Gerlaugh v. Stewart*, 129 F.3d 1027, 1036 (9th Cir. 1997) ("'It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.'" (quoting *Liteky*, 510 U.S. at 551)).   Other than faulting Judge Mollway for acknowledging the fact that Arciero had presented false allegations to the court—discussed *infra*—Arciero fails to explain why Judge Mollway would be incapable of impartially ruling on any previously ruled-upon issue that might come again before her (on remand or otherwise).

---

²Notably, Judge Mollway's denial of Arciero's habeas petition has been upheld by the Ninth Circuit.  *See United States v. Arciero*, 835 F. App'x 196, 197 (9th Cir. 2020).

4

## II. Acknowledging False Statements

Next, Arciero accuses Judge Mollway of bias for acknowledging a fact expressly admitted by Arciero—that Arciero presented allegations to the court she knew to be false. Dkt. No. 399 at 3–5. Attached to several motions, Arciero submitted the same sworn declaration. *See* Dkt. Nos. 105-1, 106-1, 107-1. In that declaration, among other things, Arciero alleges: (1) a federal law enforcement officer, Ryan Faulkner, participated in methamphetamine distribution and trafficking and other criminal wrongdoing; (2) she did not engage in any such conduct and, indeed, the drugs found in her car had been planted by another person; (3) Agent Faulkner sexually assaulted her; and (4) Agent Faulkner coerced a false confession from her. Dkt. No. 105-1.

Arciero subsequently admitted that the vast majority of the allegations in that declaration were false. Dkt. No. 279-2. She candidly admitted, "I hereby affirm that all of the accusations I have made against Agent Faulkner are not correct, and I now expressly recant all of them." *Id.* at 2. Further,

> In . . . my First Declaration, I stated that I never sold meth and never delivered it and I further claimed that the methamphetamine which was found in my car on April 30, 2013 had been planted there by another person. All of these statements . . . in my First Declaration are not accurate and I therefore withdraw them. As was proved at trial, the truth is that I was bringing one pound of methamphetamine in my car to sell to another person for $15,000. Additionally, Agent

5

> Faulkner never told me that he had arranged to have the methamphetamine planted in my car.

Dkt. No. 279-2 at 4 (internal quotation marks omitted).

Based on this recantation, Judge Mollway (1) imposed a sentencing enhancement, *see* Dkt. No. 283 at 11–12;[3] and (2) acknowledged Arciero's false statements to the court as a reason counseling against compassionate release, *see* Dkt. No. 394 at 11; Dkt. No. 399 at 2.  Rather than evidencing bias, as Arciero now claims, these actions by the court represent informed judgment.  "[N]ot subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings."  *Liteky*, 510 U.S. at 551; *see also id.* ("'If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions.'" (quoting *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943))).  Put simply, Judge Mollway's role as a judge in sentencing and considering compassionate release required her to consider, not ignore, Arciero's attempt to perpetrate a fraud on the court. *See e.g.* 18 U.S.C. § 3553(a) (identifying a defendant's characteristics and "just punishment" as sentencing factors).

---

[3]This enhancement was also precipitated by a finding by the court that Arciero had falsely claimed she had not used methamphetamine after a drug test came back positive for that substance.  Dkt. No. 283 at 11–12.

6

### III.  Failing to Appoint Counsel for Compassionate Release Motion

Arciero argues Judge Mollway has demonstrated bias by failing to help obtain Arciero's Bureau of Prisons medical records, or to appoint counsel for the same purpose.  Arciero, it appears, wishes to use such records to support yet another Section 3582 compassionate release motion. Dkt. No. 399-1 at 3.[4]  First, Arciero fails to cite any source of law requiring a court to appoint counsel to represent an inmate seeking compassionate release.  Second, Arciero similarly fails to cite any source of law that requires a court to assist a litigant with obtaining personal records. Generally, it is the responsibility of each litigant to acquire and produce evidence in support of arguments advanced to the court, not the other way around.  If Arciero sought compassionate release citing grounds that necessitated the presentation of her prison medical file, and Arciero failed to offer that medical file for judicial consideration, that omission falls on Arciero, not the court, and is certainly no reason to accuse the court of bias or prejudice.[5]  See Dkt. No. 394 at 5-6, 10-11.

---

[4]Arciero has thus far filed two such motions and sought reconsideration of the two subsequent denials a collective three times.  See Dkt. Nos. 356, 364, 374, 376, 383, 394 and 396.
[5]Arciero also alleges that she "believes that [J]udge Mollway[] has personally discussed this case with third parties outside of the courtroom setting, [and] that in said conversations the judge has expressed her ill will towards [Arciero]." Dkt. No. 399-1 at 2. This allegation is vague, conclusory, and without evidentiary foundation and, as such, it cannot support recusal.

7

## **CONCLUSION**

For the foregoing reasons, Arciero's motion for recusal, Dkt. No. 399, is DENIED.

IT IS SO ORDERED.

DATED: April 1, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*United States v. Malia Arciero*, Criminal No. 13-01036-1-SOM; **ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL**