IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 13-01036 (01) |
| | ) | |
|       Plaintiff, | ) | ORDER DENYING DEFENDANT MALIA |
| | ) | ARCIERO'S MOTION SEEKING |
|   vs. | ) | RECONSIDERATION OF ORDER |
| | ) | DENYING HER REQUEST TO COMPEL |
| MALIA ARCIERO (01), | ) | THE GOVERNMENT TO PRODUCE |
| | ) | *BRADY* MATERIAL |
|       Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT MALIA ARCIERO'S MOTION SEEKING RECONSIDERATION OF ORDER DENYING HER REQUEST TO COMPEL THE GOVERNMENT TO PRODUCE *BRADY* MATERIAL**

**I.      INTRODUCTION.**

Arciero seeks reconsideration of this court's order denying her request to compel the Government to turn over *Brady* material.  Arciero's reconsideration motion is denied.

**II.     BACKGROUND.**

Arciero was arrested for methamphetamine-related crimes.  In pretrial proceedings, she accused a law enforcement agent in oral testimony of forcing her to perform oral sex on him.  *See* Partial Transcript of Further Order to Show Cause Why Pretrial Release Should Not Be Revoked - Testimony of Malia Arciero, ECF No. 83, PageID # 141.  In addition, in connection with three pretrial motions, Arciero submitted a declaration repeating the allegations of the law enforcement agent's sexual misconduct in vivid detail.  *See* ECF No. 105-1, PageID #s 282, 286-87, *see also* ECF Nos. 106, 107.  She ultimately withdrew one

of those motions and proceeded on the other two on grounds unrelated to the sexual assault allegations. This court denied those motions. *See* ECF No. 174.

After a six-day jury trial and two days of deliberations, Arciero was convicted of four drug-related crimes. *See* ECF Nos. 219, 220, 226, 227, 243, 245, 249. She did not testify during her trial, and the jury did not hear about the sexual assault allegations.

On September 18, 2015, before she was sentenced, Arciero retracted her accusations against the law enforcement agent under oath, stating that her accusations against him were false. *See* Declaration of Malia Arciero, ECF No. 279-2, PageID # 1865. She explained that her previous accusations that the law enforcement agent "raped [her] and forced [her] to give him oral sex" were "not correct and I therefore withdraw them." *Id.*, PageID # 1868. She also withdrew her assertion that she had not been selling methamphetamine stating, "As was proven at trial, the truth is that I was bringing one pound of methamphetamine in my car to sell to another person for $15,000." *Id.*, PageID # 1867.

Arciero's conviction and sentence were affirmed on appeal. *See* ECF No. 307.

On March 12, 2018, Arciero, through counsel, filed a motion under 28 U.S.C. § 2255. *See* ECF No. 309. In a hearing on

that motion, Arciero reaffirmed her recantation of the sexual assault allegations, testifying as follows:

> Q  You filed a declaration on September 18th of 2015 right before your sentencing that Mr. Otake submitted to the Court, do you recall that?
>
> A  Yes.
>
> Q  Okay.  And in that declaration you said that the statements about [the law enforcement agent] . . . sexually assaulting you were not accurate?
>
> A  Yes.
>
> Q  Are you differing with that today?
>
> A  No.

ECF No. 355, PageID # 4550-51.

On January 28, 2019, this court denied Arciero's § 2255 motion.  See ECF No. 350.  Arciero appealed, and the Ninth Circuit affirmed.  See ECF Nos. 352, 380, 382.

Arciero is now proceeding pro se before this court, but that was not always the case.  In all of the proceedings leading up her sentencing and her appeal to the Ninth Circuit from the judgment in the criminal case, Arciero was represented by retained counsel.  Similarly, in § 2255 proceedings before this court and before the Ninth Circuit, Arciero was represented by retained counsel.  On May 19, 2020, Arciero, represented by retained counsel, filed a motion for compassionate release in light of the coronavirus pandemic.  In the course of the

3

subsequent briefing on the compassionate release motion, Arciero submitted pro se filings. *See* ECF No. 359, 361. She appeared to be assisted in that regard by her fiancé, who was in communication with court staff. The court sought clarification about whether Arciero was or was not represented by counsel, see ECF No. 360, and counsel responded by saying he had no objection to this court's consideration of Arciero's pro se filings. This court denied the compassionate release motion. *See* ECF No. 364. Arciero then filed a pro se reconsideration motion. *See* ECF No. 367. Arciero's retained counsel moved to withdraw as counsel, noting Arciero's wish to proceed pro se. *See* ECF No. 369.

This court granted counsel's motion to withdraw and stated, "Because counsel was retained, because the record does not include a financial affidavit regarding indigency, because this is not a matter involving a constitutional right to court-appointed counsel, and because Ms. Arciero is having no difficulty representing herself, the court does not refer this matter to court-appointed counsel, which the court has been doing with compassionate release requests by indigent individuals. *See* ECF No. 370. The court asked Arciero to notify the court if she believed she qualified as indigent and wanted court-appointed counsel. *Id.* The court received no such notification. The record continues to be devoid of any assertion of indigency. In proceeding pro se, Arciero now faults her most recent retained

4

counsel, who, in § 2255 proceedings, had faulted the earlier retained counsel who represented her at trial.  As explained in more detail later in this order, the successive assertions that she was ill-advised by successive attorneys she retained rest on Arciero's conflicting positions on whether she was or was not sexually assaulted by a federal law enforcement agent.

This court denied the reconsideration motion.  *See* ECF No. 374.  What followed was a series of further pro se motions, which this court denied.  *See* motions filed at ECF No. 375 (denied in ECF No. 376); ECF No. 383 (denied in ECF No. 394); ECF No. 395 (denied in ECF No. 396).

Then, on March 12, 2021, Arciero moved for an order requiring the Government to produce *Brady* material.  *See* ECF No. 397.  That request was denied.  *See* ECF No. 398.  Arciero now seeks reconsideration of that denial.  *See* ECF No. 401.  At the heart of the reconsideration motion is Arciero's resurrection of her allegations that she was sexually assaulted by a federal law enforcement officer.  She says the Government has withheld evidence that she was sexually assaulted.

The sexual assault allegations were originally made under penalty of perjury, while Arciero was represented by Gary Dubin, whom she had retained.  After a jury found Arciero guilty, Arciero switched attorneys.  Represented by her new retained attorney, Thomas Otake, Arciero retracted the sexual assault

5

allegations in writing under penalty of perjury before her sentencing hearing.  In connection with the sentencing proceeding, Otake argued that Arciero had been greatly influenced by Dubin in filing motions based on the sexual assault allegations.  Later, in connection with § 2255 proceedings, Otake argued that Dubin had provided ineffective assistance of counsel.  This court denied the request for relief under § 2255, noting that Dubin's advice to Arciero had been influenced by his belief that she had been sexually assaulted and that the Government should be held to account in that regard.  This court viewed Arciero, the source of Dubin's belief, as seeking to fault him for having believed her.  Arciero reiterated her retraction of the sexual assault allegations in sworn oral testimony at a hearing on her § 2255 motion.

     Arciero now asserts that the retractions were lies and that the law enforcement agent actually did sexually assault her.  She claims that Otake got her to retract the sexual assault accusations in the hope that the retraction would result in a more lenient sentence.  *See* ECF No. 401, PageID # 4967.  Arciero says that, over the last two years, she has tried to find out what happened with the sexual assault allegations by seeking information from the U.S. Attorney's Office in Honolulu, the Department of Justice Office in Honolulu, and her former lawyers.  She describes the Government as having told the Ninth Circuit

Court of Appeals that there had been "no new development[s]" over the last seven years with respect to her sexual assault allegations.  *Id.*  Arciero claims without providing corroboration that there is a current Department of Justice investigation into her sexual assault being conducted out of Washington, D.C., and that others have been victimized by the same law enforcement agent.  *Id.*

**III.     Reconsideration Standard.**

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, circuit courts, including the Ninth Circuit, have held that motions for reconsideration may be filed in criminal cases.  *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases"); *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) ("As the Second Circuit noted . . . , post-judgment motions for reconsideration may be filed in criminal cases"); *United States v. Amezcua*, 2015 WL 5165235, at *1 (E.D. Cal. Sept. 2, 2015) ("The Ninth Circuit allows parties to file motions for reconsideration in criminal cases, although the Federal Rules of Civil Procedure do not explicitly provide for such motions."), *aff'd*, 670 F. App'x 454 (9th Cir. 2016).

In ruling on motions for reconsideration in criminal cases, courts have relied on the standards governing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure.  *See Amezcua*, 2015 WL 5165235, at *1.

A Rule 59(e) motion must be filed within 28 days of the final order or judgment in issue and may only be granted when: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law."  *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (quotation marks and citations omitted).  Rule 59(e) motions based on new evidence may not be based on "matters already available or known to the party submitting them as new evidence."  3 *Moore's Manual—Fed. Practice & Procedure* § 24.82 (Lexis Advance 2020).

Rule 60(b) of the Federal Rules of Civil Procedure permits relief from final judgments, orders, or proceedings.  Such a motion may be granted on any one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

>     (3) fraud (whether previously called
>     intrinsic or extrinsic), misrepresentation,
>     or misconduct by an opposing party;
>     (4) the judgment is void;
>
>     (5) the judgment has been satisfied,
>     released, or discharged; it is based on an
>     earlier judgment that has been reversed or
>     vacated; or applying it prospectively is no
>     longer equitable; or
>
>     (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Under Local Rule 60.1 (made applicable by Local Criminal Rule 12.3), "Motions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; and/or (c) Manifest error of law or fact."

### IV.     ANALYSIS.

Although Arciero's criminal trial has long since concluded, Arciero seeks *Brady* material arising out of investigations into the law enforcement agent. As noted in this court's order of March 17, 2021:

> "The government has an obligation under *Brady v. Maryland* to provide exculpatory evidence to a criminal defendant." *United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004). The Government must disclose such *Brady* material even without a request by the defendant. *See Strickler v. Greene*, 527 U.S. 263, 280. When a defendant seeks to demonstrate that the Government violated its *Brady* obligations, the defendant must show that "[t]he evidence at issue must be

9

>     favorable to the [defendant], either because
>     it is exculpatory, or because it is
>     impeaching; that evidence must have been
>     suppressed by the [Government], either
>     willfully or inadvertently; and prejudice
>     must have ensued." *Id.* at 281-82.  In the
>     post-trial context, the Ninth Circuit has
>     adjusted this standard, stating that "a *Brady*
>     violation has three components: (1) the
>     information must be favorable to the defense;
>     (2) it must not have been disclosed by the
>     government before or at trial; and (3) there
>     must have been resulting prejudice." *United
>     States v. Mazzarella*, 784 F.3d 532, 538 (9th
>     Cir. 2015).

ECF No. 398, PageID # 4950.

Without tying her request to any pending matter, Arciero asked this court to order the Government to turn over *Brady* material.  She speculated that there might be documents and other evidence concerning the law enforcement agent's alleged misconduct.  *See* ECF No. 397, PageID # 4943.  She has not told the court what basis she may have for believing that the Government has *Brady* material that it failed to produce.  Nor has she explained why she failed to seek the material before her trial or sentencing hearing, or in connection with her § 2255 motion or any appeal.  *See id.*  She has cited no authority supporting the proposition that the Government has a continuing duty to provide *Brady* material at this point, or that she is entitled to such discovery.  *See id.*  Because Ariero's request was not supported by law or facts, her request was denied.  *See* ECF No. 398.

Arciero's reconsideration motion argues that she lied to the court when she retracted her sexual assault accusations. Without evidentiary support, she now says that the Government knows that the law enforcement agent is a sexual predator and that she has been prejudiced by the suppression of *Brady* material concerning that knowledge. *See* ECF No. 401. At best, Arciero, who was convicted and sentenced in 2015, says that she asked the Government several times over the last two years for the results of her sexual assault investigation. She says the Government lied to the Ninth Circuit when it told her that there had been no new developments. *See id.*, PageID # 4968. But it makes no sense for any such investigation to have continued after Arciero retracted her sexual assault allegations under oath. Moreover, Arciero does not say how she knows that there is an ongoing investigation in Washington, D.C., or explain how she knows that the agent has assaulted others. Given Arciero's admission that she lied to the court previously (either when she made the allegations or when she retracted them), this court has reason to look for some form of corroboration before it acts on Arciero's most recent assertions. She provides no corroboration in support or her motion seeking reconsideration of this court's order denying her recent *Brady* request.

The court notes that, even if there are ongoing investigations into the law enforcement agent's conduct, Arciero

11

shows no prejudice with respect to her methamphetamine conviction.  After the jury convicted her, she admitted that she had participated in the drug crimes, stating, "As was proven at trial, the truth is that I was bringing one pound of methamphetamine in my car to sell to another person for $15,000."  ECF No. 279-2, PageID # 1867.  Moreover, her obstruction of justice sentencing enhancement was based on more than one ground; it did not rest solely on her sexual assault allegations.

Arciero additionally argues that the court should have addressed the argument she made in her filing of March 17, 2021, concerning the legality of her sentence.  *See* ECF No. 401, PageID # 4968.  However, it is unclear what ground Arciero has for attacking the legality of her sentence through a belated request for *Brady* material.  Arciero's conviction and sentence were affirmed on appeal.  Her § 2255 motion was denied and that denial was also affirmed on appeal.  It is not clear how any challenge to the legality of her sentence at this time could be said to be timely or justified.

**V.      CONCLUSION.**

The court denies Arciero's motion to reconsider its order denying her request to compel the Government to disclose *Brady* material.

12

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 5, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Arciero, Crim. No. 13-01036 SOM (01); Civ. No. 18-00090 SOM; ORDER DENYING DEFENDANT MALIA ARCIERO'S MOTION SEEKING RECONSIDERATION OF ORDER DENYING HER REQUEST TO COMPEL THE GOVERNMENT TO PRODUCE BRADY MATERIAL