IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 13-01036 (01) |
| Plaintiff, | ) ) ) | ORDER REGARDING MOTION TO REDUCE SENTENCE PURSUANT TO |
| vs. | ) ) | 18 U.S.C. § 3582(c)(1)(A)(i) |
| MALIA ARCIERO (01), | ) ) | |
| Defendant. | ) ) | |

**ORDER REGARDING MOTION TO REDUCE SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

I.      INTRODUCTION.

On April 16, 2021, Defendant Malia Arciero, proceeding *pro se*, filed another Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1]  In this motion, she refers to

---

[1] While Arciero is now proceeding *pro se* before this court, that was not always the case.  In all of the proceedings leading up to her sentencing and her appeal to the Ninth Circuit from the judgment in the criminal case, Arciero was represented by retained counsel.  Similarly, in § 2255 proceedings before this court and before the Ninth Circuit, Arciero was represented by retained counsel.  When Arciero filed her first compassionate release motion on May 19, 2020, she was represented by retained counsel.  This court denied the compassionate release motion. *See* ECF No. 364.  Arciero then filed a *pro se* reconsideration motion.  *See* ECF No. 367.  Arciero's retained counsel moved to withdraw as counsel, noting Arciero's wish to proceed *pro se.* *See* ECF No. 369.  This court granted counsel's motion to withdraw and stated, "Because counsel was retained, because the record does not include a financial affidavit regarding indigency, because this is not a matter involving a constitutional right to court-appointed counsel, and because Ms. Arciero is having no difficulty representing herself, the court does not refer this matter to court-appointed counsel, which the court has been doing with compassionate release requests by indigent individuals." *See* ECF No. 370.

"allergies that will prevent her from taking the COVID vaccines." *See* ECF No. 408, PageID # 5022. Given the lack of detail supporting her claimed allergy and her history of lying to the court, this court asked for additional information. Arciero filed a supplemental memorandum that does not address the court's concerns, prompting the present order

**II.      BACKGROUND AND ORDER.**

Arciero was arrested for methamphetamine-related crimes. In pretrial proceedings, she accused a law enforcement agent in oral testimony of forcing her to perform oral sex on him. *See* Partial Transcript of Further Order to Show Cause Why Pretrial Release Should Not Be Revoked - Testimony of Malia Arciero, ECF No. 83, PageID # 141. In addition, in connection with three pretrial motions, Arciero submitted a declaration repeating the allegations of the law enforcement agent's sexual misconduct in vivid detail. *See* ECF No. 105-1, PageID #s 282, 286-87, *see also* ECF Nos. 106, 107. She ultimately withdrew one of those motions and proceeded on the other two on grounds unrelated to the sexual assault allegations. This court denied those motions. *See* ECF No. 174.

After a six-day jury trial and two days of deliberations, Arciero was convicted of four drug-related crimes. *See* ECF Nos. 219, 220, 226, 227, 243, 245, 249. She did not

testify during her trial, and the jury did not hear about the sexual assault allegations.

On September 18, 2015, before she was sentenced, Arciero retracted her accusations against the law enforcement agent under penalty of perjury, stating that her accusations against him were false.  *See* Declaration of Malia Arciero, ECF No. 279-2, PageID # 1865.  She explained that her previous accusations that the law enforcement agent "raped [her] and forced [her] to give him oral sex" were "not correct and I therefore withdraw them."  *Id.*, PageID # 1868.  She also withdrew her assertion that she had not been selling methamphetamine and stated, "As was proven at trial, the truth is that I was bringing one pound of methamphetamine in my car to sell to another person for $15,000."  *Id.*, PageID # 1867.

Arciero's conviction and sentence were affirmed on appeal.  *See* ECF No. 307.

Arciero has made several requests for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), including one on April 16, 2021.  *See* ECF No. 408.  In her latest request, Arciero refers to "allergies that will prevent her from taking the COVID vaccines."  See *Id.*, PageID # 5022.  She provided no further information about her allergies.  Given her history of lying to the court, the court asked for more details about her claimed allergies:

Arciero has previously raised a concern about the Moderna vaccine, which, the court noted, was not accompanied by explanatory detail. *See* ECF No. 396 ("Arciero notes that the CDC advises against receiving the Moderna vaccine if one has had an allergic reaction to it or to one of its ingredients. Arciero does not identify any ingredient in the Moderna vaccine to which she has had an allergic reaction. Nor does she say that the Moderna vaccine is the only option in her facility. It is equally unclear that the prison will not seek to accommodate those with allergies."). Before setting a deadline for the Government's response to Arciero's latest compassionate release request, the court orders Arciero to provide more detail about her allergy to COVID-19 vaccines. This response will be filed publicly unless Arciero opts to file it under seal, which Arciero is given leave to do provided she serves a copy on the Government. Arciero is asked to address the following no later than May 3, 2021:

1) What specific ingredient is Arciero allergic to and which vaccines contain that ingredient?

2) If the ingredient that allegedly causes an allergic reaction is in only one of the vaccines, is there some concern that the BOP will not make a different vaccine available to Arciero? In other words, if Arciero is allergic to an ingredient in only the Moderna vaccine, for example, is there any reason to think that she will not be offered the Pfizer-Biotech vaccine or, if it is authorized within the next few weeks, the Johnson & Johnson vaccine?

3) What is the exact nature of Arciero's allergic reaction that makes getting a COVID-19 vaccine dangerous? For example, "when I have had vaccines containing Substance X in the past, I have broken out in hives." Or, "Substance X causes my airway to constrict and I cannot breathe."

>    4) Does Arciero have any corroborating
>    medical records substantiating her allergy to
>    an ingredient in a COVID-19 vaccine?  If she
>    has such material, Arciero should submit
>    that.
>
>    5) Has a doctor ever told Arciero that she
>    should not get a COVID-19 vaccine because of
>    her allergy?  If yes, what is the doctors
>    name and when did the doctor tell Arciero
>    that? If instead a doctor has only advised
>    Arciero to skip flu vaccines, what causes
>    Arciero to be worried that the same advice
>    would apply with vaccines for diseases with
>    higher rates of complications and death?

ECF No. 409.

On May 3, 2021, Arciero purported to respond to the court's order of April 19, 2021.  *See* ECF No. 410.  She did not address the court's questions.  Instead, she said that the court was asking her to do the impossible, as she could not get medical information from the Bureau of Prisons in such a short timeframe.

The court is willing to extend Arciero's deadline. Moreover, if Arciero cannot identify the ingredient(s) in the COVID-19 vaccines that she is allergic to, she should at least be able to say what reaction she has to any such ingredient and whether a doctor has ever told her that she should not get a COVID-19 vaccine.  These are questions that Arciero should be able to answer, given her claim that she is allergic to COVID-19 vaccines.

Arciero does not mention any allergy at all in her supplemental memorandum of May 3, 2021, instead referring to

medical conditions, which she represents as kidney disease, breast cancer, and bronchitis.  She says these conditions make it risky for her to get COVID-19 vaccines.  Again, however, Arciero provides no support for that claim.  At most, she attaches an email to Dr. Peikar asking the doctor for an email back to her stating that, given her medical issues and the potential side effects, he does not believe that she would be a good candidate for receiving a COVID-19 vaccine.  *See* ECF No. 410-1.  Presumably, Arciero is now awaiting the doctor's response, although she is not asking the doctor to addres the allergies her motion refers to.

Rather than answering this court's questions, Arciero's supplemental memorandum veers into matters that this court has already decided.  She attaches, for example, the Ninth Circuit's recent decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021) (per curiam).  But that case had not affected this court's analysis of compassionate release motions.  In Arciero's own case, in an order dated June 5, 2020, this court recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.  *See United States v. Arciero*, 2020 WL 3037073, at *6-*7 (D. Haw. June 5, 2020).  In short, this court was already applying the law as stated in *Aruda* before the *Aruda* decision.

6

This court has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, the court is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions. *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *Arciero*, 2020 WL 3037073, at *6-*7; *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020). Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated. This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments. In *Aruda*, the Ninth Circuit expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A). Nevertheless, while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not applicable policy statements that are binding on this court, they may inform this court's discretion. *See Aruda*, 993 F.3d at 802.

Because Arciero may have been confused as to what this court was asking of her, the court gives her another chance to answer the specific questions asked of her in the order of April 19, 2021. Arciero may file answers to the specific questions no later than June 1, 2021. She may quote the specific question asked and then answer it. Alternatively, if Arciero would like more time, she may, no later than June 1, 2021, ask this court to wait so that she can gather material. In that case, her latest motion for compassionate release will automatically be terminated without prejudice to its being reinstated without the need to refile anything once Arciero notifies the court that she is ready to proceed. If the court does not hear from Arciero by June 1, 2021, the court will proceed with her compassionate release request based on the present record. That is, the court will ask the Government to respond to the request and Arciero may file an optional reply in support of her request.

### III.    CONCLUSION.

No later than June 1, 2021, Arciero may file another supplemental memorandum in support of her latest compassionate release request. In that memorandum, she should, to the extent she can, answer as many of the specific questions posed in the order of April 19, 2021. Alternatively, she may request more time to gather materials. If Arciero does not timely respond by June 1, 2021, the court will proceed with the merits of her

compassionate release request based on the present record, the Government's response, and an optional reply memorandum that Arciero may file.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, May 4, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States of America v. Arciero*, Crim. No. 13-01036 SOM (01); ORDER REGARDING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)