IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,           )     CRIM. NO. 13-001036 SOM
                                    )
              Plaintiff,            )     ORDER DENYING MOTION
                                    )     REQUESTING REDUCTION OF
         vs.                        )     SENTENCE PURSUANT TO 18 U.S.C.
                                    )     § 3582(c)(1)(A)(i)
MALIA ARCIERO (01),                 )
                                    )
              DEFENDANT.            )
_____ )


**ORDER DENYING MOTION REQUESTING REDUCTION OF
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

**I.        INTRODUCTION AND BACKGROUND.**

On January 8, 2015, after a six-day jury trial, Malia
Arciero was convicted of four drug-related crimes.  *See* Verdict,
ECF No. 249.  In September 2015, the court sentenced Arciero to
172 months of imprisonment and 5 years of supervised release for
each crime, with the terms running concurrently, and a $400
special assessment.  *See* Judgment, ECF No. 281.  In sentencing
Arciero, the court noted that Arciero had maintained over a
lengthy period and in multiple court filings submitted under
penalty of perjury that she had been sexually assaulted by the
federal case agent.  Shortly before her sentencing hearing, she
stated under penalty of perjury that her accusations against the
case agent were false.  *See* Declaration of Malia Arciero, ECF No.
279-2, PageID # 1865.  She explained that her previous
accusations that the case agent "raped [her] and forced [her] to

give him oral sex" were "not correct and I therefore withdraw
them."  *Id.*, PageID # 1868.

It appears that Arciero has been in custody since May
23, 2014 (about 7 years), when her pretrial release was revoked,
meaning that she has served about half of the 172 months.  *See*
ECF No. 87.  Arciero, who is 40 years old, is being housed in FCI
Victorville Medium II in California and has a projected release
date of August 10, 2026, given anticipated good time credit.  *See*
www.bop.gov/inmateloc/ (input Register Number 16101-022) (last
visited June 9, 2021).

Arciero has asked this court for compassionate release
in light of the COVID-19 pandemic a number of times.  The major
difference between the present request and the previous ones is
that she has now submitted medical corroboration of various
conditions claimed earlier.  That medical corroboration does not
include her latest assertion, which is that she is allegedly
allergic to the Moderna COVID-19 vaccine that was offered to her.

When Arciero began her series of motions, she was
represented by retained counsel.  On June 5, 2020, this court
denied Arciero's first compassionate release request, reasoning
that she had not exhausted her administrative remedies and had
failed to show extraordinary and compelling circumstances
justifying her release.  *See* ECF No. 364.  Her motion argued
without medical corroboration that she is "borderline diabetic[,

and] has chronic sinus issues, wheezing, severe migraines and a
history of seizures." *See* ECF No. 356-1, PageID # 4605.
Notwithstanding her representation by counsel, Arciero filed a
*pro se* Reply in support of her first motion, expanding her list
of medical conditions to include chronic bronchitis, coughing, a
painful lump in her breast, sinusitis, and anemia. *See* ECF No.
361, PageID # 4673. Even assuming Arciero had the conditions
identified in her Reply, the court ruled that she had failed to
provide sufficient information about their severity or the
efficacy of any treatment she was receiving to establish
extraordinary and compelling reasons for a reduction of her
sentence in light of the pandemic. *See* ECF No. 364, PageID
# 4709.

In its order, the court balanced the factors set forth
in section 3553(a):

> The record indicates that Arciero is a
> nonviolent drug offender who has served a
> substantial prison sentence, albeit less than
> half of the sentence imposed. However, she
> was responsible for drug crimes involving
> pounds of "ice" and tried to avoid her
> convictions by manufacturing evidence and
> repeatedly lying to this court. Arciero is
> being housed at a facility with (as of June
> 5, 2020) no reported COVID-19 cases (although
> that could admittedly be the result of a lack
> of testing). Critical to this court is
> Arciero's failure to present a detailed plan
> for herself if she is released early. In her
> motion, she asks to live with her fiancé in
> Atlanta, Georgia. However, after the
> Government pointed out that her fiancé might

> be a felon, she said in her Reply that she
> could live with Yolanda Hamilton in East
> Point, Georgia.  Without any further detail,
> Arciero says that her fiancé has "secured
> post-prison rehabilitation and employment"
> for her.  *See* ECF No. 361, PageID # 4677.
> This court has no information on Ms. Hamilton
> and has to wonder what Mr. Arciero's real
> plan is.
>
> Arciero says that, while incarcerated,
> she has only received one disciplinary
> sanction and has taken advantage of
> opportunities to rehabilitate herself,
> including receiving a horticulture license
> and dog training and nutritionist
> certifications.  *See* ECF No. 361, PageID
> # 4675.  Arciero raises these points for the
> first time in her Reply.  Even if the court
> considers them, they do not outweigh the
> severity of her crime and her long history of
> manipulation.

*Id.*, PageID #s 4710-11.

Recognizing the seriousness of Arciero's crimes, the amount of time remaining on her sentence, her behavior while incarcerated, the totality of the medical information she had submitted, and her evolving release plan, the court determined that Arciero had not shown extraordinary and compelling reasons justifying her early release and therefore denied her request for compassionate release.  *Id.*, PageID #s 4711-12.

Thereafter, Arciero, who has never claimed indigency, proceeded *pro se*, and this court noted her apparent preference for doing so.  *See* ECF No. 370.  She sought reconsideration of the denial of her request for compassionate release, which this

4

court treated as a new motion for compassionate release.  *See* ECF No. 374, PageID # 4848.  Four circumstances had changed since she had filed her original motion.  First, Arciero had submitted a request for compassionate release to her warden, and more than 30 days had passed without a response.  Second, the CDC had updated its guidance concerning COVID-19, stating that chronic lung diseases, including chronic bronchitis, put a person at increased risk of a severe illness from COVID-19.  Third, Arciero had submitted evidence that she had been diagnosed with bronchitis in 2014.  Fourth, there were COVID-19 cases at her prison.  On August 12, 2020, this court denied this second compassionate release request.  *See* ECF No. 374.

In its order denying the second motion, the court ruled that Arciero had satisfied the prison exhaustion requirement.  *See id.*, PageID # 4849.  But the court noted that Arciero had not established that she had chronic bronchitis, a condition identified by the CDC as raising a person's risk of a severe case of COVID-19.  She had not submitted medical evidence corroborating that her several bouts of bronchitis amounted to chronic bronchitis.  *See id.*, PageID #s 48450-51.

The court noted that Arciero was being housed in a satellite camp, a place where social distancing was difficult.  Nevertheless, the court was unpersuaded that the 4 active cases of COVID-19 among the inmate population justified her early

release.  *See id.*, PageID #s 4853-4.  The court again noted its
concerns with respect to Arciero's changing release plan.  *See
id.*, PageID # 4855.  Balancing all of the circumstances, the
court determined that Arciero had failed to demonstrate
extraordinary and compelling reasons warranting her early
release.  *Id.*

Arciero then sought reconsideration of the denial of
her second request for compassionate release.  In denying the
reconsideration motion, this court noted that Arciero had failed
to support her claim of chronic bronchitis with medical records.
*See* ECF No. 376, PageID # 4863.  The court further noted that
Arciero had failed to establish that she had asthma that was
sufficiently severe to raise her risk of serious complications if
she contracted COVID-19.  *Id.*, PageID # 4864.

On September 14, 2020, this court received a letter
from Arciero indicating that she would be asking the Bureau of
Prisons for copies of her 757-page medical records, stating, "As
soon as I get my records, I will be sending all of the relevant
medical information from it for my compassionate release."  ECF
No. 377, PageID # 4865.

On December 28, 2020, Arciero filed her fourth motion
pertaining to compassionate release.  *See* ECF No. 383.  This
motion still failed to submit medical documentation supporting
the existence and severity of her claimed medical conditions.  At

6

most, her father sent a letter to the court stating, "Malia has
had asthma and breathing problems from childhood. . . . She also
suffers from seizures and other medical problems (nasal
congestion, migraines, depression)."  ECF No. 385, PageID # 4879.
A new circumstance for purposes of her fourth motion was that
Victorville Medium II FCI, where Arciero was being held, had a
significant COVID-19 problem.  *See* ECF No. 394, PageID #s 4931-
32.  Nevertheless, for the reasons stated in the court's previous
orders, this court concluded that Arciero had failed to
established any extraordinary and compelling reason justifying
compassionate release.  *See id.*, PageID #s 4932, 4936.

On January 25, 2021, Arciero filed a motion to
reconsider the denial of her fourth compassionate release motion.
The reconsideration motion argued that the court had abused its
discretion by failing to hold an evidentiary hearing and by
failing to take into account Arciero's supposed inability to
receive a COVID-19 vaccine because of an allergic reaction.  *See*
ECF No. 395.  On January 26, 2021, this court denied the
reconsideration motion, stating:

> As detailed in the order of January 15, 2021,
> Arciero failed to demonstrate extraordinary
> and compelling circumstances justifying her
> early release.  This court did not need an
> evidentiary hearing to make that
> determination.  Arciero cites no law
> requiring an evidentiary hearing and does not
> describe what evidence she planned to offer
> that could not be presented in papers she
> filed.  Second, Arciero notes that the CDC

advises against receiving the Moderna vaccine
if one has had an allergic reaction to it or
to one of its ingredients.  Arciero does not
identify any ingredient in the Moderna
vaccine to which she has had an allergic
reaction.  Nor does she say that the Moderna
vaccine is the only option in her facility.
It is equally unclear that the prison will
not seek to accommodate those with allergies.
Even assuming that Arciero is allergic to an
ingredient in COVID-19 vaccines, she must
demonstrate extraordinary and compelling
circumstances justifying her early release.
The reconsideration motion makes no attempt
to address the court's concerns, as detailed
in the orders denying her multiple motions on
the matter.

ECF No. 396.

On April 16, 2021, Arciero filed her latest
compassionate release request.  This time, she again asserted
that she has "allergies that will prevent her from taking COVID
vaccines."  ECF No. 408, PageID # 5022.  In a minute order of
April 19, 2021, this court noted that "Arciero ha[d] previously
raised a concern about the Moderna vaccine, which, the court
noted, was not accompanied by explanatory detail."  *See* ECF No.
409.  The minute order asked Arciero to provide specific details
about her claimed allergy to the Moderna vaccine, including
whether a health professional had ever told her that she should
not get such a vaccine, and to state whether she was allergic to
other COVID-19 vaccines.  *Id.*

On May 3, 2021, Arciero responded to the minute order.
Rather than explaining her claimed allergy, she contended that

her "medical conditions[, including] untreated kidney disease,
Breast cancer and Bronchitis . . . keep her from taking the
vaccines." ECF No. 410, PageID # 5121.  However, Arciero
provided no authority supporting her contention that those
medical conditions make it inadvisable to get a COVID-19 vaccine.
To the contrary, she attached an April 21, 2021, email she sent
to Dr. Peikar, who is apparently a doctor at her facility, in
which she asks, "is there anyway that I could maybe get an email
back from you stating that you do not believe that I would be a
good candidate and that you do not recommend me to participate in
the trial vaccine that is being offered here at Victorville Camp
due to the adverse side reactions that have happened and because
of my pending medical issues that are still being treated and
unknown?" ECF No, 410-1, PageID # 5124.  Arciero did not attach
any response from the doctor.  Arciero did, however, attach the
Moderna COVID-19 Fact Sheet, which indicates that a person should
not get the vaccine if the person has had a severe allergic
reaction to a previous dose of it or to any ingredient in it.
*See* ECF No. 410-3, PageID # 5132.  The Fact Sheet does not state
that people with certain medical conditions should refrain from
getting the vaccine.  *See id.* At most, it advises a person to
talk with a vaccination provider if the person has allergies, a
fever, a bleeding disorder, is on blood thinners, is

9

immunocompromised, is pregnant, is breastfeeding, or has received another COVID-19 vaccine.  *See id.*

Arciero submits no evidence that she is actually allergic to the Moderna COVID-19 vaccine or anything in it. Arciero has made untruthful statements to the court in the past, which she admitted when she withdrew allegations of sexual assault.  *See United States v. Arciero*, 835 Fed. Appx. 196, 198 (2020) (rejecting claim of ineffective assistance of counsel based on withdrawn sexual assault allegations).  Even after that withdrawal, she revived the withdrawn sexual assault allegations! *See* ECF No. 403.  This court is therefore cognizant that Arciero's assertions are best corroborated before being accepted.

On or about March 12, 2021, Arciero declined an opportunity to receive the Moderna COVID-19 vaccine, checking a box to indicate that she has never "had a severe allergy or anaphylactic reaction to any component of this vaccine or any other vaccine/injectable therapy."  ECF No. 416-3, PageID # 5187. Arciero is now contradicting a document she herself signed; she now argues that she "has allergies that will prevent her from taking the COVID vaccines."  ECF No. 408, PageID # 5022.  Arciero may well think she should not get the vaccine given her medical conditions.  She may be correct in thinking that, but that is not the same as being allergic to the vaccine, which is what she has claimed.  Her decision to decline the Moderna COVID-19 vaccine

10

appears consistent with her refusal to get other vaccines, including the influenza vaccine.  *See* ECF No. 416-1, PageID # 5185.

The Government has confirmed that the Moderna vaccine is the only vaccine being offered to inmates at FCI Victorville Medium II.  *See* ECF No. 416, PageID # 5181.  This court, however, has adjudicated other compassionate release motions in which federal prisoners received the Johnson & Johnson/Jassen and Pfizer-BioNTech COVID-19 vaccines.  *See United States v. Dominguez-Garcia*, 2021 WL 2272387, at *1 (D. Haw. June 3, 2021) (indicating that the defendant received the Johnson and Johnson/Janssen COVID-19 vaccine); *United States v. Saelua*, 2021 WL 2229041, at *1 (D. Haw. June 2, 2021) (indicating that the defendant received the Pfizer-BioNTech COVID-19 vaccine).  The court assumes that each facility offers what is available, and that availability may vary by location.  The record does not establish whether the Bureau of Prisons has ever made a different vaccine available to an inmate who is actually allergic to the primary vaccine offered at a facility.

FCI Victorville Medium II, where Arciero is being housed, currently has 1,296 inmates, with 1075 at the FCI and 221 at the adjacent camp, where Arciero is being housed. https://www.bop.gov/locations/institutions/vvm/ (last visited June 9, 2021).  While FCI Victorville Medium II at one time had

a significant COVID-19 problem, as of the morning of June 9, 2021, only 1 inmate and 1 staff member have active cases of COVID-19, and 461 inmates and 56 staff have recovered from it. *See* https://www.bop.gov/coronavirus/ (last visited June 9, 2021). While the court cannot tell how many of these individuals are in the FCI and how many are in the camp, these numbers indicate that Arciero might become exposed to COVID-19 during her imprisonment. FCI Victorville Medium II is part of the Victorville Federal Correction Complex, which houses a total of 3818 inmates, of which 1980 are fully immunized against COVID-19. *See id.* Of course, this court cannot tell from those figures what percentage of individuals at FCI Victorville Medium II or its camp have been vaccinated.

Arciero's latest compassionate release motion adds little to the arguments she made in her previous motions, with the major difference being medical documentation of chronic bronchitis, which appears related to her history of smoking, and her claim of allergy. *See* ECF No. 408-1, PageID #s 5035-36, 5045, 5047. From the height listed in her Presentence Investigation Report, ECF No. 283, PageID # 283, and the weight listed in her sealed medical records, ECF No. 408-1, PageID # 5066, Arciero also has a Body Mass Index ("BMI") of 26.5. *See* https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html.

II.        **ANALYSIS.**

Arciero's compassionate release request is governed by

18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the
> defendant after the defendant has fully
> exhausted all administrative rights to appeal
> a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse
> of 30 days from the receipt of such a request
> by the warden of the defendant's facility,
> whichever is earlier, may reduce the term of
> imprisonment (and may impose a term of
> probation or supervised release with or
> without conditions that does not exceed the
> unserved portion of the original term of
> imprisonment), after considering the factors
> set forth in section 3553(a) to the extent
> that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons
> warrant such a reduction . . . .
>
> and that such a reduction is consistent with
> applicable policy statements issued by the
> Sentencing Commission.

In other words, for the court to exercise its authority under

§ 3582(c)(1)(A), it must (1) find that the defendant exhausted

her administrative remedies or that 30 days have passed since she

filed an administrative compassionate relief request; (2) also

find, after considering the factors set forth in section 3553(a),

that extraordinary and compelling reasons warrant a sentence

reduction; and (3) find that such a reduction is consistent with

the Sentencing Commission's policy statements (assuming there are

any policy statements applicable to this motion).  *See United*

*States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

13

### A. Arciero Has Satisfied the Time-lapse Requirement of 18 U.S.C. § 3582(c)(1)(A).

On January 29, 2021, Arciero submitted an administrative compassionate release request to the warden of her prison, who denied that request in March 2021. *See* ECF No. 408-3. Arciero has therefore satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A).

### B. This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction. In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

This court has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, the court is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions. *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10,

14

2020); *United States v. Cisneros*, 2020 WL 3065103, at \*2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at \*3 (D. Haw. May 29, 2020).  Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated.  This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments.  *Mau*, 2020 WL 6153581; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue)*.*

Recently, the Ninth Circuit has expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A).  Nevertheless, while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not applicable policy statements that are binding on this court, they may inform this court's discretion.  *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).

C.   **Arciero Has Not Demonstrated That Extraordinary and Compelling Circumstances Justify Her Early Release, or That the Requested Reduction Would Be Consistent with Any Applicable Sentencing Commission Policy Statement.**

Arciero contends that this court should exercise its discretion and find that extraordinary and compelling circumstances justify her early release.  She relies primarily on the risks she faces if she contracts COVID-19.  While the court acknowledges the seriousness of her concerns, the COVID-19 pandemic does not justify early release at this time.

Evidence submitted by Arciero establishes that she has chronic bronchitis possibly caused by her smoking and that she is overweight, with a BMI of 26.5.  Under the CDC's guidance, chronic bronchitis and being overweight (a BMI greater than 25) "can make you more likely to get severely ill from COVID-19," meaning that Arciero may be more likely to need hospitalization, intensive care, a ventilator to help her breathe, or may even die from COVID-19.  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 9, 2021).  Given her chronic bronchitis and weight, in addition to the other medical conditions she complains of, this court certainly agrees that Arciero has established legitimate concerns about suffering severe complications if she contracts COVID-19.  However, her

medical conditions, standing alone, are not exceptional and compelling reasons that warrant a reduction in sentence.

Several factors mitigate the risks that Arciero faces. First, Arciero is only 40 years old, which does not place her in a higher risk category. *Id.* ("Older adults are more likely to get severely ill from COVID-19.  More than 80% of COVID-19 deaths occur in people over age 65, and more than 95% of COVID-19 deaths occur in people older than 45.").

Second, while the decision to receive or refuse a COVID-19 vaccination is up to Arciero, she does not establish that the vaccine is medically contraindicated for her.  The Moderna vaccine has indisputably been offered to her.  *See United States v. Richmond*, 2021 WL 2337626, at *6 (E.D. Cal. June 8, 2021) ("in cases where an inmate cites the risk of contracting COVID-19 as a basis for relief but refuses to receive a vaccine, courts have nearly uniformly denied compassionate release because such refusal udercuts an inmate's fear of infection." (brackets, quotation marks, and citation omitted)); *United States v. Baeza-Vargas*, 2021 WL 1250349, at *3 (D. Ariz. Apr. 5, 2021) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances.").

According to the CDC, "[a]ll COVID-19 vaccines currently available in the United States are **effective** at preventing COVID-19 as seen in clinical trial settings." https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness.html?s_cid=10464:vaccine%20effectiveness:sem.ga:p:RG:GM:gen:PTN:FY21 (last visited June 9, 2021).  The CDC also notes, "Clinical trial data demonstrated vaccine efficacy was 94.1% against symptomatic, laboratory-confirmed COVID-19 following receipt of 2 doses of Moderna COVID-19 Vaccine." https://www.cdc.gov/vaccines/covid-19/info-by-product/moderna/moderna-faqs.html (last visited June 9, 2021).

While Arciero now claims to be allergic to the Moderna vaccine, she previously indicated that she has never "had a severe allergy or anaphylactic reaction to any component of this vaccine or any other vaccine/injectable therapy."  ECF No. 416-3, PageID # 5187.  Her email of April 21, 2021, to Dr. Peikar asks whether "I could maybe get an email back from you stating that you do not believe that I would be a good candidate and that you do not recommend me to participate in the trial vaccine that is being offered here at Victorville Camp due to the adverse side reactions that have happened and because of my pending medical issues that are still being treated and unknown?"  ECF No, 410-1, PageID # 5124.  It appears that Arciero is afraid of vaccine side effects that "have happened" to others.  This generalized fear of

18

side effects is not the same as an actual allergy or a medical contraindication.

The court stresses that it is by no means suggesting that Arciero should or must get vaccinated. This court is in no position to advise Arciero as to any health-related concern. The court is instead commenting on Arciero's failure to establish that she has the allergy she has claimed to have, or to provide some evidence that her medical conditions make it inadvisable to get vaccinated. The court recognizes that Arciero may indeed by justified in declining the vaccine. But she has not to date provided that justification to this court.

Moreover, as of the morning of June 9, 2021, Victorville Medium II has only 1 active case of COVID-19 in its inmate population and only 1 active case of COVID-19 among staff members (who is presumably staying home if actively infected). Victorville Medium II has had 461 inmates and 56 staff members recover from COVID-19. Those numbers demonstrate that it at one time had a significant COVID-19 problem. Its COVID-19 problem has been reduced but certainly not eliminated. Nevertheless, the low number of current COVID-19 cases does not currently place Arciero at great risk of exposure to COVID-19.

In evaluating whether early release is justified, this court also must consider the factors set forth in § 3553(a), one of which is particularly relevant. Arciero has only served about

19

half of her sentence and does not establish that this would be appropriate punishment for her crimes.  She had a guideline enhancement for obstruction based on her repeated lies to the court, and her conviction involved pounds of "ice."  Moreover, as noted earlier, this court has expressed concerned about her uncertain release plan.  *See United States v. Arciero*, 2020 WL 4678405, at *4 (D. Haw. Aug. 12, 2020) (describing Arciero's changing release plan).  While Arciero does not have a history of violence, has taken advantage of educational opportunities while in prison, *see* ECF No. 408-2, and appears to have only one prison infraction, *see* ECF No. 361, PageID # 4675, those facts do not outweigh the severity of her crime and the history she presents to the court.  For the reasons stated in the court's previous denials of her requests for compassionate release, the balancing of § 3553 factors does not favor Arciero's release.

This court has considered the seriousness and circumstances of Arciero's crimes, the amount of time remaining on her sentence, her behavior while incarcerated, the totality of the medical information she has submitted, and the questions raised by her evolving release plan.  This court determines that, once again, Arciero has failed to show extraordinary and compelling reasons for early release, or that early release would be consistent with any applicable Sentencing Commission policy statement.

## II.        CONCLUSION.

Arciero's latest motion for compassionate release is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 9, 2021.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

United States v. Arciero, CRIM. NO. 13-001036 SOM; ORDER DENYING MOTION REQUESTING REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)