IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 13-01036 (01) SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT MALIA |
| | ) | ARCIERO'S "MOTION FOR |
| vs. | ) | RECONSIDERATION OF THE |
| | ) | COURT'S JUNE 9, 2021 |
| MALIA ARCIERO (01), | ) | ORDER DOC. 419, AND ORDER |
| | ) | [DOC. 402], ORDER [DOC.398]" |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT MALIA ARCIERO'S
"MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 9, 2021
ORDER DOC. 419, AND ORDER [DOC. 402], ORDER [DOC.398]"**

Before the court is Defendant Malia Arciero's latest reconsideration motion. According to its title, the motion seeks reconsideration of three orders: (1) this judge's order of June 9, 2021, ECF No. 419, which denied Arciero's most recent compassionate release motion; (2) this judge's order of March 17, 2021, ECF No. 402, which denied Arciero's motion seeking an order directing the United States to produce purported *Brady* material; and (3) Judge Derrick Watson's order of April 1, 2021, ECF No. 402, denying Arciero's motion to recuse this judge. Reconsideration of the *Brady* order and the recusal order is untimely, and the present reconsideration motion is denied with respect to those orders on that ground. With respect to the June 9 order, reconsideration, while timely sought, is denied based on Arciero's failure to establish that reconsideration is warranted.

The court first addresses the timeliness issue. Arciero says her reconsideration motion is brought under Rules

59(e) and 60(b) of the Federal Rules of Civil Procedure. This is a criminal case, not a civil one, but because there is no reconsideration rule in the Federal Rules of Criminal Procedure, the civil rules may provide guidance. But even looking to the civil rules, Arciero's motion is untimely with respect to the *Brady* order and the recusal order.

Rule 59(e) provides for a motion to alter or amend judgment to be filed within 28 days of entry of the judgment. Rule 60 requires a motion for relief from judgment to be brought "within a reasonable time." This district's local court rules include a reconsideration motion rule, Local Rule 60.1, that applies to interlocutory orders and tracks the deadlines in Rules 59 and 60. Arciero's reconsideration motion was filed on June 14, 2021. The envelope attached to the reconsideration motion, *see* ECF No. 420, indicates that the motion was deposited with the United States Postal Service by someone acting on Arciero's behalf, not placed in the prison mail system. The court is therefore not applying the prison mailbox rule in determining the filing date. *See Hernandez v. Spearman*, 764 F.3d 1071, 1074-75 (9th Cir. 2014) (prison mailbox rule applies when an inmate is proceeding without counsel and delivers a document to prison authorities for mailing within a limitations period because the inmate has no control over how long prison authorities take to pass the document on to the court); *Cook v. Stegall*, 295 F.3d

517, 521 (6th Cir. 2002) (prison mailbox rule inapplicable when an inmate delivers a document to a third party for mailing to the court). The reconsideration motion was filed close to three months after the *Brady* order was filed and about two and a half months after the recusal order was filed. The reconsideration motion cites nothing new concerning the *Brady* order or the recusal order that might justify that delay.

Moreover, the court notes that Arciero filed an earlier reconsideration motion concerning the *Brady* order, and this judge denied that earlier reconsideration motion on March 30, 2021, ECF No. 403. To the extent the present reconsideration motion relates to the recusal order, it appears to be brought under 28 U.S.C. § 455(a), given the absence of the affidavit required for recusal motions brought under 28 U.S.C. § 144. The present motion may therefore be addressed by the very judge who is the subject of the motion. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008). This judge declines to reconsider Judge Watson's recusal order because no new facts, law, or argument are presented on the recusal issue by Arciero. Despite Arciero's complaints that this judge has favored the United States, this judge has allowed Arciero to supplement her submissions when they lacked necessary information, *see* ECF No. 409, and has invited Arciero to request more time to gather information, *see* ECF No. 411.

The court turns now to the request for reconsideration of the most recent compassionate release motion. At the outset, three things are worth noting.

First, Arciero is proceeding *pro se* by choice. She had retained counsel for her underlying criminal trial and on direct appeal from her conviction and sentence. She also had retained counsel for her motion under 28 U.S.C. § 2255, and for her appeal from the denial of that motion. She had retained counsel for her first of many compassionate release motions. She has since then opted to proceed on her own, as noted by this court in ECF No. 370 and ECF No. 401, PageID # 4983. The record contains no indication that Arciero is indigent.

Second, Arciero has filed multiple motions during the pandemic. Quite apart from the three orders identified in the title of her present reconsideration motion, this court has issued numerous orders addressing her prior requests, which include prior compassionate release requests and reconsideration motions. *See* ECF Nos. 364, 374, 394, 396, 403, 420. In short, this judge has diligently addressed Arciero's concerns, even if Arciero disagrees with the results.

Third, Arciero comes to this court with a troubled history, which she never acknowledges. Before her criminal trial, Arciero submitted multiple statements under penalty of perjury in which she asserted that the federal law enforcement

officer in charge of the investigation of her drug offenses had sexually assaulted her. She provided a lurid description of his genitals. At a pretrial hearing during which the court had anticipated her live testimony on the subject, she declined to testify, and her retained counsel then withdrew two motions that were based on the sexual assault allegations. Also, in bail proceedings before a magistrate judge, she claimed that she had had a positive drug test because she had unknowingly come into contact with drugs while cleaning a house. The magistrate judge rejected that explanation and revoked her release status.

She did not testify during trial, and the jury never heard the sexual assault allegations. Coming up to her sentencing hearing and faced with a Presentence Investigation Report that included sentencing guideline calculations with an enhancement for obstruction of justice, Arciero signed a statement under penalty of perjury admitting her drug trafficking activity and withdrawing the sexual assault allegations. She acknowledged that she had manufactured the well-publicized allegations, which she had maintained for a sustained period to the detriment of the law enforcement officer. This court nevertheless imposed the guideline enhancement. Arciero appealed, but the judgment was affirmed by the Ninth Circuit. *See* 679 Fed. Appx 581 (2017).

Arciero's withdrawal of her sexual assault allegations

were also in issue during § 2255 proceedings.  This court held an evidentiary hearing, during which Arciero testified in open court that she stood by her retraction of the allegations.  The court denied her § 2255 motion, and Arciero appealed.  The Ninth Circuit affirmed, and the Supreme Court denied her certiorari petition.  *See* 835 Fed. Appx. 196 (9th Cir. 2020) (affirming denial of § 2255 petition); 2021 WL 2405220 (S. Ct., Jun 14, 2021) (denying certiorari).

Recently, notwithstanding her sworn retraction, Arciero has reasserted the sexual assault allegations.  *See* ECF No. 397.  Indeed, her *Brady* request was premised on her assertion that the United States was concealing materials relating to the very sexual assault that she said, under oath, had never occurred.

It is with the background summarized above that this court examines Arciero's present reconsideration motion.  While the motion is filled with accusations, it is devoid of actual evidence supporting the accusations.  Evidence matters.  Arciero cannot prevail with bald assertions.

Arciero's present reconsideration motion assumes that a judge errs by failing to grant compassionate release when other judges faced with different defendants with the same medical conditions have granted compassionate release.  But medical conditions are only part of what a judge considers.  Nothing in the law says that any district judge must reach the conclusion

6

that other district judges have reached in cases with different overall circumstances.  To the contrary, each case presents its own unique set of circumstances and must be decided based on that case's particular record.  This court is certainly not saying that Arciero will never be granted compassionate release.  This court is only saying that Arciero has, to date, not met her burden of showing that compassionate release is warranted at this time.  That remains this judge's conclusion.  The reconsideration motion is denied.



IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 16, 2021.


/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge


United States of America v. Arciero, Crim. No. 13-01036 SOM (01); ORDER DENYING DEFENDANT MALIA ARCIERO'S "MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 9, 2021 ORDER DOC. 419, AND ORDER [DOC. 402], ORDER [DOC.398]"