UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10177 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-01036-SOM-1 |
| v. | MEMORANDUM* |
| MALIA ARCIERO, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted December 14, 2021**

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Malia Arciero appeals pro se from the district court's orders denying her motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, the district court did not err by finding that Arciero's motion to

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

reconsider was untimely as to the court's previous orders denying Arciero's post-judgment motions for an order directing the government to produce purported *Brady* material and for recusal. The reconsideration motion, filed on June 14, 2021, was filed more than two months after the entry of these orders, and the district court did not abuse its discretion by denying the motion as untimely under the applicable federal and local rules. *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules."). Accordingly, we decline to consider Arciero's other allegations of error by the district court with regard to the *Brady* and recusal orders.

Second, the district court did not abuse its discretion by denying Arciero's motions for compassionate release and for reconsideration of the district court's denial of compassionate release. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The record reflects that the district court considered Arciero's chronic medical conditions, lack of violent history, and efforts at post-sentencing rehabilitation, but concluded that she had not established extraordinary and compelling circumstances warranting relief, given her relatively young age, the low infection rate at her facility, and her inconsistent explanations for why she declined to be vaccinated. The court also found that a reduced sentence was not warranted under the 18 U.S.C. § 3553(a) sentencing factors, including the

Case: 21-10177, 12/16/2021, ID: 12317709, DktEntry: 20-1, Page 2 of 3

seriousness of the underlying conviction, Arciero's history of untruthfulness to the court regarding her allegations of abuse by a government agent, and the fact that she had only served about half of her sentence. Finally, the court concluded that Arciero's request for reconsideration was not accompanied by any new evidence. The district court's conclusions are supported by the record, and it did not abuse its discretion in denying Arciero's motions. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

**AFFIRMED**.